■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HONG KI LEE, Appellant. [608 NYS2d 677] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 10, 1991, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the refusal of the trial court to permit the victim to be cross-examined by the defense concerning her relationships with various male friends was not erroneous. Such testimony is not admissible under any exception to CPL 60.42, and the trial court did not

improvidently exercise its discretion by precluding the cross-examination *(see, People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949).

Further, the trial court acted within its discretion in determining that the interpreter was competent, and the defendant failed to make a record of any serious translation problems *(see, People v Gordillo,* 191 AD2d 455; *see also, People v Frazier,* 159 AD2d 278).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Balls,* 69 NY2d 641; *People v Stahl,* 53 NY2d 1048, 1050). Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.