■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROSS, Appellant. [613 NYS2d 227] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered June 8, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of due process of law because he was not present at an in camera conference at which the court attempted to ensure the availability of a defense witness. We find that the defendant's right to be present was not violated (see, People v Aguilera, 82 NY2d 23, 34; People v Torres, 80 NY2d 944; People v Morales, 80 NY2d 450, 457; People v Turaine, 78 NY2d 871; People v Anderson, 16 NY2d 282). Moreover, we find "from the defense counsel's failure to object to the defendant's absence from the [conference] that it is apparent that defense counsel did not believe

that the in camera inquiry of the * * * witness prejudiced the defendant's defense" *(People v Harrison,* 181 AD2d 743, 744).

The defendant's *pro se* contention has already been decided by this Court on a prior motion by the defendant. Therefore, this Court's prior determination is the law of the case *(see, People v Barnes,* 155 AD2d 468).

The defendant's remaining contentions are either waived *(see, People v Bolden,* 58 NY2d 741, 741-742; *People v Howard,* 193 AD2d 620, 621), meritless, or harmless error in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Rosenblatt, J. P., Ritter, Goldstein and Florio JJ., concur.