■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO COLON, Appellant. [621 NYS2d 606] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered May 14, 1992, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was not denied the right to be present at a material stage of the trial when the court, in counsel's presence, questioned a juror about his expressed disagreement with the court interpreter's translation of a witness's testimony. Defendant's presence is only required when it has a reasonably substantial relation to the fullness of his opportunity to defend against the charge *(People v Harris, 76 NY2d 810, 812).* Here, the only issue before the court was whether the juror could set aside his own understanding of what the witness testified to in Spanish, in favor of the court interpreter's translation. Once the juror said he could not, the court had no choice but to discharge the juror, as defense counsel conceded at trial, and defendant's presence could not have made any difference.

There was no violation of CPL 310.10 when the court, at the request of a juror who was complaining of anxiety symptoms, sent that juror to the hospital accompanied by a court officer. Since defendant did not object when the court sent the juror back to the jury room without instructing him not to discuss his hospital visit with the other jurors, the record is insufficient to evaluate defendant's claim that there is "every possibility" that the confidentiality of the jury deliberations was violated *(see, People v Haskins, 201 AD2d 322, lv denied 83 NY2d 853).*

Defendant's claim of error in the court's charge with respect to reasonable doubt was not preserved by objection (CPL 470.05 [2]), and, in any event, is without merit.

We have considered defendant's remaining arguments and

find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.