■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALCHANGE BOUZY, Appellant. [664 NYS2d 926] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered October 12, 1995, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Curci, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony on the ground that the police lacked probable cause to arrest him.

Ordered that the judgment is affirmed.

The Supreme Court's summary denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony for lack of probable cause was proper. A motion to suppress evidence must be supported by "sworn allegations of fact" (CPL 710.60 [1]). The defendant's moving papers, however, merely contained conclusory allegations which were insufficient to raise any factual issues relating to the legality of his arrest (*see,* CPL 710.60 [3] [b]; *People v Mendoza,* 82 NY2d 415; *People v Alers,* 234 AD2d 310).

The defendant is correct in pointing out that by failing to delineate the basis for its denial of the defendant's motion the court did not follow the dictates of CPL 710.60 (6). That section requires the court to set forth its fact-findings, legal conclusions, and reasons for its determination "[r]egardless of whether a hearing was conducted" (CPL 710.60 [6]). The court's failure to set forth these findings, however, is not fatal, and does not require remedial action, inasmuch as the defendant's moving papers were so plainly inadequate as to justify sum-

mary denial of his motion (see, People v Berdecia, 223 AD2d 444; People v Jordan, 122 AD2d 224, 225; Matter of Raoul A., 240 AD2d 565). Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.