■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO ABREU, Appellant. [669 NYS2d 560] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered April 12, 1990, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 21 years to life and 5 to 15 years, respectively, unanimously affirmed.

The court's preclusion of proposed testimony concerning a purported prior inconsistent statement by a People's witness was a proper exercise of discretion (*People v Duncan*, 46 NY2d 74, 80, *cert denied* 442 US 910), which, in any event, caused no prejudice to defendant.

The court properly struck the testimony of a defense witness regarding alleged acts of violence by the victim because, based upon defendant's offer of proof, the testimony did not reflect specific alleged acts of which defendant was aware at the time in question (*People v Pizzaro*, 184 AD2d 448, *lv denied* 80 NY2d 908). Further, the trial court properly exercised its discretion in precluding proposed testimony regarding an alleged encounter between the victim and a police officer because defendant's offer of proof did not show that the act sought to be established was "reasonably related to the crime of which the defendant stands charged" (*People v Miller*, 39 NY2d 543, 551).

Uncharged crimes evidence was properly received to rebut aspects of the defense raised by defendant (*see, People v Alvino*, 71 NY2d 233).

Defendant was not entitled to be present at a colloquy with a sworn juror concerning a possible error in the court interpret-

er's translation of testimony (*People v Colon*, 211 AD2d 575, *lv denied* 85 NY2d 971).

We perceive no abuse of discretion in sentencing.

Defendant's claims, raised for the first time in his reply brief, that he was denied his right to effectively participate in his defense because of the alleged incompetence of the court interpreter, and that the prosecutor improperly vouched for a prosecution witness and improperly "testified" regarding a document recovered from defendant upon his arrest, are not properly before this Court (*People v Minota*, 137 AD2d 837, 838, *lv denied* 71 NY2d 1030), and are, in any event, without merit. Defendant's additional claims of error are unpreserved and without merit. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.