■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE JEFFREYS, Appellant. [727 NYS2d 626] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 25, 1999, convicting him of murder in the second degree, and robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The hearing court's denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony was proper. A motion to suppress evidence must be supported by "sworn allegations of fact" (CPL 710.60 [1]). The defendant's moving papers, however, merely contained conclusory allegations which were insufficient to raise any factual issues relating to the legality of his arrest (*see,* CPL 710.60 [3] [b]; *see, People v Mendoza,* 82 NY2d 415; *People v Bouzy,* 242 AD2d 729). The defendant is correct in that, by failing to delineate the basis for its denial of the defendant's motion, the hearing court did not follow the dictates of CPL 710.60 (6). That section requires a hearing court to set forth its fact-findings, legal conclusions, and reasons for its determination "[r]egardless of whether a hearing was conducted" (CPL 710.60 [6]). The hearing court's failure to set forth these findings, however, does not require reversal. The defendant's moving papers were so plainly inadequate that summary denial of his motion was justified (*see, People v Bouzy, supra,* at 730; *cf., People v Ayarde,* 220 AD2d 519).

The defendant was not denied his fundamental right to be present at a material stage of the trial when the court, responding to a juror's complaint about the interpreter's translation of a witness's testimony, held a conference with counsel and the juror in the absence of the defendant (*see, People v Ross,* 205 AD2d 645; *see also, People v Abreu,* 248 AD2d 124; *People v Colon,* 211 AD2d 575).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 83).

The remaining contentions of the defendant are without merit. Altman, J. P., Luciano, H. Miller and Smith, JJ., concur.