**Alberto COLON, Petitioner**

v.

**Christopher ARTUZ,**

**No. 97Civ.5969(LTS)(JCF).**

United States District Court,
S.D. New York.

Nov. 20, 2001.

Alberto Colon, Stomville, NY, Pro se.

### *OPINION AND ORDER*

SWAIN, District Judge.

On May 21, 2001, Magistrate Judge James C. Francis, IV, issued a Report and Recommendation ("Report") recommending that this petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. In reviewing the report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A § 636(b)(1)(C)

(West 1993 & Supp.2001). "To accept the report and recommendation of a magistrate to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the record." *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted). *See also Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept report if it is "not facially erroneous"). The court shall make a de novo determination of those portions of the report to which objections are made. *See id.; United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997).

There were no objections interposed to the Report. The Court has thoroughly reviewed Magistrate Judge Francis' comprehensive and well-reasoned Report and has determined that there is no clear error on the face of the record. The Court adopts the Report for the reasons stated therein. Accordingly, the petition is dismissed.

■ The petitioner may not appeal this order to the Court unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 1994 & Supp.2001). A certificate will be granted, "only if the applicant has made a showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see generally United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997) (discussing the standard for issuing a certificate of appealability). The Court finds petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appeal. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

Magistrate Judge Francis' Report follows.

## REPORT AND RECOMMENDATION TO THE HONORABLE LAURA TAYLOR SWAIN

FRANCIS, United States Magistrate Judge.

Alberto Colon brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for murder in the second degree. Mr. Colon claims that: (1) he was denied the right to be present during all material stages of his trial; (2) the trial court allowed the confidentiality of jury deliberations to be violated; and (3) the court's jury instructions on reasonable doubt denied him due process. For the following reasons, I recommend that the petition be denied.

*Background*

In the early morning hours of March 21, 1990, the petitioner entered apartment 4S at 1304 Merrian Avenue with Jose Cortez (known as Joselito) and Pedro Arias (known as Pajarito). (Tr. 47, 80, 135).[1] When they arrived, Angel Colon (known as Abbey) and Ramon Nunez (known as Nano) were in the bedroom of the apartment. (Tr. 50, 126, 129). After a brief exchange of words, the petitioner struck Abbey in the face. (Tr. at 130). When Abbey asked, "What's happening?," Nano told him to "be cool" because the petitioner was armed with a revolver. (Tr. at 130). When Abbey tried to move, the petitioner struck him again and said, "Be cool because I am going to shoot you one time." (Tr. at 130). Mr. Colon then struck Abbey a third time, and when he tried to get up, the petitioner shot him in the head, killing him. (Tr. at 131).

---

1. "Tr." refers to the trial transcript.

Following a jury trial in New York State Supreme Court, Bronx County, the petitioner was found guilty of murder in the second degree, New York Penal Law § 125.25(1), in connection with the death of Angel Colon. (Affidavit of Nancy Killian dated July 19, 2000 ("Killian Aff."), ¶ 5). The judgment of conviction was entered on May 14, 1992, and the petitioner was sentenced to an indefinite term of imprisonment of twenty-five years to life. (Killiam Aff. ¶ 5).

Mr. Colon appealed to the Appellate Division, First Department, raising the same three grounds he raises in the instant petition, as well as a fourth claim that his sentence was excessive. (Brief for Defendant–Appellant dated Sept. 1994 ("App. Brief"), attached as Exh. 1 to Killian Aff.). On January 26, 1995, the Appellate Division affirmed the judgment of conviction, *People v. Colon,* 211 A.D.2d 575, 621 N.Y.S.2d 606 (1st Dep't 1995), and on May 12, 1995, the New York Court of Appeals denied leave to appeal. *People v. Colon,* 85 N.Y.S.2d 971, 629 N.Y.S.2d 731, 653 N.E.2d 627 (1995).

On April 4, 1994, Mr. Colon submitted a motion to the Appellate Division, seeking a writ of error *coram nobis,* contending that he had been deprived of effective assistance of counsel. (Motion for Writ of Error *Coram Nobis* dated April 4, 1996, attached as Exh. 3 to Killian Aff.). The Appellate Division denied the motion on July 2, 1996, *People v. Colon,* 229 A.D.2d 1039, 644 N.Y.S.2d 964 (1st Dep't 1996), and the Court of Appeals dismissed Mr. Colon's application for leave to appeal on August 20, 1996. *People v. Colon,* 88 N.Y.2d 982, 649 N.Y.S.2d 389, 672 N.E.2d 615 (1996).

Mr. Colon then filed the instant petition for a writ of habeas corpus, which was received by the *Pro Se* Office of this Court on July 7, 1997. (Petition for Writ of Habeas Corpus dated May 21, 1997 ("Petition")). On June 2, 1998, the petition was dismissed as time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The dismissal, however, was vacated by the Second Circuit Court of Appeals in light of its decision in *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998), and the matter was remanded for a decision on the petition.[2]

The respondent moves to dismiss the petition on both procedural and substantive grounds. First, he argues that the second claim was not exhausted because Mr. Colon failed to raise it in federal constitutional terms on direct appeal. Next, the respondent contends that the second and third claims are barred because they were rejected in state court on adequate and independent state procedural grounds. Finally, he argues that none of the petitioner's claims establish any entitlement to relief under the standards set forth in the AEDPA.

*Discussion*

A. *Right to be Present*

The petitioner's first claim is that his right to be present at all material stages of his trial was violated. He contends that he should have been present when the judge questioned a court interpreter and a Spanish speaking juror who disagreed with the interpreter's translation of a statement made by a prosecution witness. After closing statements and before the jury was charged, the juror, Felix Rodriguez, was questioned by the judge in chambers and in counsel's presence. (Tr. 692–98). He

---

2. After submitting the instant petition, Mr. Colon filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. That motion, however, has no relevance to the instant petition.

informed the court that he believed a statement translated by the interpreter as "stay still, that I'm going to shoot you" should have been translated as "stay still or I'll shoot you." (Tr. 694–95). Mr. Rodriguez told the court that he could not abide by the interpreter's version. (Tr. 697). The juror then left the chambers and the judge and defense counsel questioned the interpreter who maintained that his translation was accurate. (Tr. 701–16). When the interpreter left, the prosecutor requested that the court excuse Mr. Rodriguez, while defense counsel recommended that he remain on the jury with instructions that he accept the interpreter's translation. (Tr. 716–17). When Mr. Rodriguez returned to chambers, he again stated that he could not accept the interpreter's translation. (Tr. 720–22). He was then excused from the jury. (Tr. 722). Defense counsel did not object, stating that he did not believe "in good faith an objection lies." (Tr. 723).

■ A defendant has a constitutional right to be present at trial. *See Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987); *United States v. Crutcher*, 405 F.2d 239, 242 (2d Cir. 1968). However, this right is not absolute. *See Stincer*, 482 U.S. at 745, 107 S.Ct. 2658. In *United States v. Gagnon*, 470 U.S. 522, 526–27, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985), the Supreme Court found that the defendants' rights were not violated by an *in camera* discussion with a juror where the defendants "could have done nothing had they been at the conference, nor would they have gained anything by attending." *See also* Fed.R.Crim.P. 43(c) ("A defendant need not be present . . . when the proceeding involves only a conference or hearing upon a question of law."). Similarly, New York law does not carve out any absolute right to be present during such discussions. *See People v.*

*Velasco*, 77 N.Y.2d 469, 472, 568 N.Y.S.2d 721, 722, 570 N.E.2d 1070 (1991) (defendant's presence not required for charging conference in robing room attended by attorneys for both sides involving only questions of law and procedure).

■ Mr. Colon contends that "[t]he questioning of both the juror and interpreter involved a purely factual matter: whether the interpreter had accurately translated the phrase [in question]." (Petition, Appendix B at 1–2). He further argues that his presence was critical because, as a Spanish speaker, he "could have assisted in the discussion."

Neither of these arguments has merit. The discussions described above presented the court with questions of both fact and law. With respect to the factual issue regarding the accuracy of the translation, the court interviewed the interpreter, Jaime Ramirez, at length. (Tr. 701–16). The court queried Mr. Ramirez about his background, his knowledge of Spanish dialects and New York slang, and his rationale for translating the statement the way he did. There is nothing that the petitioner could have gained by attending these discussions.

Furthermore, Mr. Colon had no constitutional right to assist the court in resolving the issue of fact. In *Miller v. Stagner*, 757 F.2d 988, 995 (9th Cir.1985), the trial court had dismissed a juror for sleeping and being intoxicated during the trial. The decision was made after a hearing was held in chambers at which defendants' counsel but not the defendants were present. *Id.* The Ninth Circuit held that the defendants had no due process right to testify about their own observations of the excused juror. *Id.* at 996. The same is true here. Although Mr. Colon speaks Spanish, there is no indication that he is an expert in translation. Even if he were, his dual role as the declarant and as the de-

fendant would have justified the trial court in refusing to hear his opinion. *See id.*

After resolving the factual dispute, the court was then faced with a purely legal question: whether a juror who stated that he could not abide by the court interpreter's translation ·could remain on the jury. The trial court decided this question correctly. After being told that the law requires that he abide by the interpreter's translation and not his own, the juror reiterated that he would be unable to do so. Mr. Colon would not have gained anything by being present during this discussion. Finally, his legal interests were adequately represented by his counsel who was present throughout the proceedings. *See id.* at 995. Accordingly, the petitioner was not denied his right to be present during all material stages of his trial.

### B. *Confidentiality of Jury Deliberations*

The petitioner next argues that the confidentiality of jury deliberations was breached when the court sent a nervous juror to the hospital and then allowed him to resume deliberating without ascertaining whether he had discussed the case with the doctor at the hospital. (Petition, Appendix B at 2). The respondent argues that: (1) Mr. Colon failed to exhaust his state court remedies because he never voiced this claim in federal constitutional terms; (2) the claim is procedurally barred by New York law; and (3) the petitioner has failed to demonstrate cause for his failure to properly raise his claim and any prejudice resulting therefrom.

 The doctrine of exhaustion generally requires a petitioner in a habeas corpus proceeding to exhaust all available state court remedies for each claim prior to federal review. 28 U.S.C. § 2254(b), (c); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Lurie v.*

*Wittner,* 228 F.3d 113, 123–124 (2d Cir. 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1404, 149 L.Ed.2d 347 (2001). Nevertheless, a claim will be deemed exhausted if it is clear that the state court would find it procedurally barred. *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Spence v. Superintendent, Great Meadow Correctional Facility,* 219 F.3d 162, 170 (2d Cir.2000); *Bossett v. Walker,* 41 F.3d 825, 828–29 (2d Cir.1994). That same procedural bar, however, precludes the habeas corpus court in most instances from reviewing the defaulted claim on the merits. *Id.* Substantive review will only be available if the petitioner is able to show cause for the default and resulting prejudice, or "demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice, or, in other words, an unjust incarceration." *Spence,* 219 F.3d at 170 (internal quotations and citations omitted). *See also Gray,* 518 U.S. at 162, 116 S.Ct. 2074; *Bossett,* 41 F.3d at 829.

 To satisfy the exhaustion requirement, a petitioner must have "fairly presented" his federal constitutional claims in state court. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also Gonzalez v. Sullivan,* 934 F.2d 419, 422 (2d Cir.1991). Although the petitioner need not have cited "book and verse on the federal constitution," he must have articulated "the substantial equivalent" of the federal habeas claim. *Picard,* 404 U.S. at 278, 92 S.Ct. 509. He can accomplish this by:

(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) allegation of a pattern of facts that is

well within the mainstream of constitutional litigation.

*Daye v. Attorney General of the State of New York,* 696 F.2d 186, 194 (2d Cir.1982) (en banc).

▮ Mr. Colon did none of these things. In his appellate brief he cited only to sections 310.10 and 270.35 of the New York Criminal Procedure Law as well as state court decisions construing these provisions. (App. Brief at 21–25). The majority of the cases he cited make no reference at all to federal case law or constitutional provisions. Two cases briefly mention federal court rulings, *People v. Ciaccio,* 47 N.Y.2d 431, 437, 418 N.Y.S.2d 371, 373–74, 391 N.E.2d 1347 (1979), and *People v. Webb,* 78 N.Y.2d 335, 340, 575 N.Y.S.2d 656, 658, 581 N.E.2d 509 (1991), while a third case cites the Sixth Amendment right to an impartial jury. *People v. Rodriguez,* 71 N.Y.2d 214, 218, 524 N.Y.S.2d 422, 424–25, 519 N.E.2d 333 (1988). None of these cases, however, employs constitutional analysis in a like fact situation. These cases are all factually distinct from the instant case and the references to federal law are buried within broader discussions of state statutes and caselaw.

Finally, the claim raised by the petitioner does not call to mind a specific right protected by the Constitution, nor does it allege a pattern of facts that is well within the mainstream of constitutional litigation. Indeed, there are countless federal cases construing the Sixth Amendment right to an impartial jury where there was some prima facie evidence of unauthorized communication between a juror and a third party. *See e.g. Remmer v. United States,* 347 U.S. 227, 229–30, 74 S.Ct. 450, 98 L.Ed. 654 (1954); *United States v. Brasco,* 516 F.2d 816, 819 (2d Cir.1975); *United States v. Armendariz,* 922 F.2d 602, 604 (10th Cir.1990). In the instant case, however, the petitioner is merely speculating about the possibility of improper communication during a visit with a doctor that was both authorized and supervised by the court. The juror was accompanied by a court officer at all times during his trip to the hospital, including his examination with the doctor. (Tr. 788). Thus, the petitioner did not "fairly present" this claim in federal constitutional terms to the state courts on direct appeal. Accordingly, Mr. Colon failed to exhaust his state court remedies.

▮ Furthermore, Mr. Colon is now procedurally barred from returning to state court to argue this claim on federal constitutional grounds. This is because New York law provides for only a single application for direct review. N.Y. Rules of Court § 500.10(a); *see also Spence,* 219 F.3d at 170. A defendant who fails to press an available claim on direct appeal is barred from raising it on collateral review. N.Y.Crim. Proc. Law § 440.10(2)(c); *see also Lurie,* 228 F.3d at 124; *Spence,* 219 F.3d at 170. Mr. Colon has not suggested any cause for failing to assert a Sixth Amendment claim on appeal, nor demonstrated prejudice resulting therefrom. Finally, he has not shown that manifest injustice will result if this ground is not considered. Accordingly, this claim is procedurally barred and may not be reviewed on the merits.

### C. Jury Instructions

▮ The petitioner also alleges that the trial judge gave improper jury instructions on the definition of reasonable doubt, thereby improperly shifting the burden of proof. The respondent, however, correctly argues that this claim is barred from federal habeas review because it was rejected in state court on adequate and independent state procedural grounds. "[I]f it fairly appears that the state court rested

116

its decision primarily on federal law, this Court may reach the federal question on review unless the state court's opinion contains a plain statement that [its] decision rests upon adequate and independent state grounds." *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations and quotations omitted).

 The Appellate Division addressed Mr. Colon's jury charge claim in one sentence. It stated that "[d]efendant's claim of error in the court's charge with respect to reasonable doubt was not preserved by objection (CPL 470.05[2] ), and, in any event, is without merit." *Colon,* 211 A.D.2d at 575, 621 N.Y.S.2d at 607. This holding satisfies the plain statement rule set forth in *Harris.* First, the brevity of the court's statement is of no relevance. "[A] state court that wishes to rely on a procedural bar in a one-line *pro forma* order easily can write that 'relief is denied for reasons of procedural default.'" *Harris,* 489 U.S. at 265 n. 12, 109 S.Ct. 1038. Here, the Appellate Division went further, specifically stating that the petitioner failed to preserve his objection as required by New York Criminal Procedure Law § 470.05(2).

Moreover, it is of no import that the Appellate Division stated that "in any event," the jury charge claim was without merit. The Second Circuit has consistently held that "habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir. 1990); *see also Harris,* 489 U.S. at 264 n. 10, 109 S.Ct. 1038 ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding"); *Wedra v. LeFevre,* 988 F.2d 334, 338–39 (2d Cir.1993).

Accordingly, the petitioner's jury charge claim is procedurally defaulted.

 An adequate and independent finding of procedural default will bar habeas review of the federal claim, "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris,* 489 U.S. at 262, 109 S.Ct. 1038 (quotations and citations omitted). Here, again, Mr. Colon has failed to make such showings. Accordingly, his jury instruction claim cannot receive federal habeas review and must be dismissed.

*Conclusion*

For the reasons set forth above, I recommend that Mr. Colon's petition for a writ of habeas corpus be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Laura T. Swain, Room 426, 40 Foley Square, New York, New York 10007 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

May 21, 2001.