■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL DIALLO, Appellant. [18 NYS3d 440]—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered September 26, 2011, convicting him of assault in the second degree, assault in the third degree, unlawful fleeing from a police officer in a motor vehicle in the second degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, as limited by his brief, from so much of an order of the same court, dated October 31, 2013, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.10 to vacate the judgment rendered September 26, 2011.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from.

Following his convictions, the defendant filed a direct appeal and subsequently moved, inter alia, for an order pursuant to CPL 440.10 to vacate his judgment of conviction on the grounds that he was denied the effective assistance of trial counsel, and that he was unable to understand or meaningfully participate in the proceedings because he was not provided with an interpreter he could understand. The Supreme Court denied the motion without a hearing, and leave to appeal from that order was granted by this Court and consolidated with the direct appeal.

Some of the defendant's allegations of ineffective assistance of counsel involve matters appearing on the record, while others involve matters that are outside the record. As the appeal from the denial of the defendant's motion pursuant to CPL 440.10 is before us, we have reviewed all of the defendant's allegations in totality in order to assess the overall fairness of the process as a whole (*see People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see also People v Benevento*, 91 NY2d 708, 714 [1998]).

The defendant's contentions regarding the competency of his interpreter were never brought to the trial court's attention and have therefore been waived (*see People v Robles*, 86 NY2d 763, 765 [1995]; *People v Kowlessar*, 82 AD3d 417 [2011]; *People v Abreu*, 248 AD2d 124, 125 [1998]; *People v Hong Ki Lee*, 202 AD2d 443 [1994]). Nevertheless, inasmuch as the defendant contends that his trial counsel failed to demand that the interpreter be replaced, we have considered the defendant's allegations as part of his ineffective assistance of counsel claim (*see People v Wong*, 256 AD2d 724, 725 [1998]).

We are satisfied that the defendant received the effective assistance of counsel under the state and federal standards (*see*

*People v Benevento*, 91 NY2d at 713-714; *see also Strickland v Washington*, 466 US 668 [1984]). The defendant has not shown that counsel's alleged failures fell below an objective standard of reasonableness or that, viewed individually or collectively, the alleged deficiencies deprived him of a fair trial (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

To obtain a hearing on a motion to vacate a judgment of conviction, "it is the defendant's burden as movant to come forward with allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction" (*People v Waymon*, 65 AD3d 708, 709 [2009]). Here, all of the defendant's allegations are either based on unsubstantiated conclusory allegations, on speculation, or on self-serving statements that are not borne out by the record. Among other things, the degree to which the defendant was able to participate in the proceedings through the interpreter can be adequately ascertained through a review of the trial transcript as a whole, including the defendant's direct testimony and cross-examination (*see People v Mosquero*, 128 AD3d 985, 985-986 [2015]; *People v Rios*, 57 AD3d 501, 502 [2008]). Therefore, his motion pursuant to CPL 440.10 was properly denied without a hearing (*see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Brown*, 56 NY2d 242, 246-247 [1982]; *People v Townsend*, 120 AD3d 595 [2014]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.