■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SANDOVAL, Appellant. [34 NYS3d 898]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered April 23, 2012, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he received the effective assistance of counsel under both the state standard (*see People v Wragg*, 26 NY3d 403, 409 [2015]; *People v Benevento*, 91 NY2d 708, 712 [1998]) and the federal standard (*see Strickland v Washington*, 466 US 668, 688 [1984]). There existed a legitimate, strategic reason for defense counsel's decision to agree to a collective, rather than individual, inquiry of prospective jurors who heard a potentially prejudicial comment made by another prospective juror. In any event, viewing counsel's performance in its totality, any error counsel made in connection with the prospective juror's comment or in failing to object to the Supreme Court's instructions in that regard did

not deprive the defendant of meaningful representation under the state standard (*see People v Blake*, 24 NY3d 78, 81 [2014]; *People v Summerville*, 138 AD3d 897 [2016]; *People v Diallo*, 132 AD3d 1010, 1010-1011 [2015]), and applying the federal standard, there was no reasonable probability that any error affected the outcome of the case (*see Strickland v Washington*, 466 US at 691-692).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.