People v Fox (2020 NY Slip Op 01809)





People v Fox


2020 NY Slip Op 01809


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


997 KA 13-01962

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAVELL FOX, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), dated September 20, 2013. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is reversed on the law and the matter is remitted to Supreme Court, Oneida County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him, following a nonjury trial, of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law
§ 220.16 [1]). We affirmed the judgment of conviction on direct appeal (People v Fox, 124 AD3d 1252 [4th Dept 2015]). Defendant made the motion herein to vacate the judgment on the ground of, inter alia, ineffective assistance of counsel. We conclude that defendant is entitled to a hearing with respect to that claim.
It is well settled that " [a] defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses' " (People v Conway, 118 AD3d 1290, 1291 [4th Dept 2014]; see People v Mosley, 56 AD3d 1140, 1140-1141 [4th Dept 2008]). Here, defendant's CPL 440.10 motion was supported by a notarized but unsworn statement of a witness, dated prior to defendant's trial, who asserted that defendant had borrowed the witness's jacket minutes before defendant's arrest, that the controlled substances in the pockets of that jacket belonged to the witness, and that defendant had no prior knowledge of the controlled substances (see People v Howard, 175 AD3d 1023, 1025 [4th Dept 2019]). Defendant himself averred in an affidavit submitted in support of his motion that he informed trial counsel prior to trial of the witness's willingness to testify. Defendant's motion therefore set forth sufficient facts tending to substantiate his claim that he was denied effective assistance of counsel, and we therefore agree with defendant that Supreme Court erred in denying that claim without a hearing (see CPL 440.30 [4], [5]).
We further agree with defendant that the court erred in rejecting his contention that trial counsel was ineffective for failing to either secure police surveillance of the traffic stop that led to defendant's arrest or seek sanctions for the prosecution's alleged failure to preserve the same. Contrary to the court's determination, that contention involves matters outside the record on appeal and therefore could not have been addressed on direct appeal (see Fox, 124 AD3d at 1253; see also People v Burdine, 147 AD3d 1471, 1473 [4th Dept 2017], lv denied 29 NY3d 1076 [2017]; cf. CPL 440.10 [2] [b]). Contrary to the court's alternative determination, the sworn allegations in defendant's pro se motion tend to substantiate that contention, and thus a hearing is warranted "to afford defendant's trial counsel an opportunity . . . to provide a tactical explanation for the omission[s]" (People v Dombrowski, 87 AD3d 1267, 1268 [4th Dept 2011] [*2][internal quotation marks omitted]; cf. CPL 440.30 [4] [b]).
We have reviewed the remaining claims in defendant's motion and we conclude that the court did not err in denying them without a hearing (see CPL 440.10 [2] [b]; 440.30 [4] [b]).
All concur except Curran and Winslow, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm because we disagree with the majority's conclusion that defendant adduced sufficient facts to warrant a hearing on his CPL 440.10 motion. In our view, defendant failed to submit the statutorily-required "sworn allegations" of "the existence or occurrence of facts" in support of his motion to warrant such a hearing (CPL 440.30 [1] [a]; see CPL 440.30 [4] [b]; [5]). The rule that a CPL 440.10 motion must be predicated on sworn allegations is a fundamental statutory requirement to entitle a defendant to a hearing (see generally People v Ozuna, 7 NY3d 913, 915 [2006]; People v Ford, 46 NY2d 1021, 1023 [1979]). Absent sworn allegations to substantiate defendant's contentions, Supreme Court did not abuse its discretion in summarily denying the motion (see People v Friedgood, 58 NY2d 467, 470 [1983]; People v Chelley, 137 AD3d 1720, 1721 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]).
We disagree with the majority to the extent that it concludes that defendant was entitled to a hearing based on defense counsel's purported failure to investigate a potentially exculpatory witness and call that witness to testify. It is well settled that counsel may be ineffective where he or she has failed to conduct a reasonable investigation or preparation of witnesses for the defense (see generally People v Lostumbo [appeal No. 1], 175 AD3d 844, 845 [4th Dept 2019], lv denied 34 NY3d 1017 [2019]; People v Kates, 162 AD3d 1627, 1632 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019]). Here, however, defendant's showing on the motion was insufficient to raise an issue of fact with respect to whether defense counsel was ineffective in failing to call that witness at trial (see generally People v Clemmons, 177 AD3d 899, 900 [2d Dept 2019]; cf. People v Campbell, 81 AD3d 1251, 1251-1252 [4th Dept 2011]).
To support his contention with respect to the purportedly exculpatory witness, defendant largely relies on a notarized, but unsworn, statement of that witness dated three weeks before the trial. The majority acknowledges that the witness's statement is unsworn, and we note that the mere stamp by a notary public does not change that fact or somehow elevate the statement to the level of proof statutorily required to substantiate a CPL 440.10 motion. Recently, in People v Howard (175 AD3d 1023, 1025 [4th Dept 2019]), which is cited by the majority, we concluded that the court erred in summarily denying a CPL 440.10 motion based, in part, on consideration of two unsworn but notarized statements from potentially exculpatory witnesses. These unsworn statements corroborated the accounts of two trial witnesses who testified about the defendant's purported alibi (see Howard, 175 AD3d at 1025). In contrast, in this case defendant has not submitted any sworn testimony to support his contention, which he seeks to substantiate based solely on unsworn allegations of fact and his own self-serving affidavit in support of the motion. Nothing in Howard, however, explicitly abrogated the statutory requirement of sworn allegations of fact to support a CPL 440.10 motion (see CPL 440.30 [1] [a]).
Moreover, defendant was not entitled to a hearing with respect to the witness because he did not meet his burden of demonstrating the absence of any strategic or other legitimate explanations for defense counsel's failure to more fully investigate the potentially exculpatory witness and to call him to testify at trial (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Shevchenko, 175 AD3d 922, 924 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; Kates, 162 AD3d at 1632). Reasons for not investigating or calling the witness to testify could have included, inter alia, defense counsel's disbelief that the witness would willingly testify at trial in a manner that actually exculpated defendant. Neither the witness nor defendant make a representation that the witness would actually have testified at trial, or was presently available and willing to testify at the time of trial (see Ford, 46 NY2d at 1023). Had there been some evidence that the witness would testify at trial if called—at a time when he was potentially in legal jeopardy if he assumed responsibility for the contraband—the witness's statement exculpating defendant may have demonstrated that the decision not to call the witness was not a matter of reasonable trial strategy.
At best, defendant—and the majority—rely on the statement in defendant's affidavit that, [*3]"[a]t the bench trial, defense counsel was made aware of [the witness's] willingness to testify." Such a self-serving and conclusory statement, however, is insufficient—by itself—to warrant a hearing (see generally People v Standsblack, 162 AD3d 1523, 1528 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]; People v Diallo, 132 AD3d 1010, 1011 [2d Dept 2015], lv denied 27 NY3d 1150 [2016]; People v Witkop, 114 AD3d 1242, 1243 [4th Dept 2014], lv denied 23 NY3d 1069 [2014]).
Ultimately, absent a showing of facts to support defendant's ineffectiveness contention with respect to the potentially exculpatory witness, we should presume that the decision not to investigate or call that witness at trial constituted sound strategy (see People v Cruz, 272 AD2d 922, 923 [4th Dept 2000], affd 96 NY2d 857 [2001]; People v Smith, 115 AD2d 304, 304 [4th Dept 1985]). Thus, the court properly exercised its discretion to deny the motion with respect to the witness statement pursuant to CPL 440.30 (4) (b).
We also disagree with the majority's conclusion that a hearing is warranted with respect to counsel's alleged failure to properly investigate a police surveillance video of the underlying traffic stop in this case. Defendant has not provided any evidence, other than his own self-serving affidavit, that the surveillance video existed, was not requested by defense counsel, and was relevant to the extent that a sanction such as a discretionary adverse inference instruction should have been requested at trial (see generally People v Blake, 24 NY3d 78, 82 [2014]). In support of his contention, defendant has not submitted any of the discovery demands served by defense counsel to show the absence of a request for the video, and he has not submitted any other evidence to support his assertion that defense counsel did not conduct an investigation into the video's whereabouts. Because defendant did not submit any additional facts to support his contention with respect to the video, and all we have here is his self-serving affidavit, we conclude that he did not meet his burden to obtain a hearing regarding defense counsel's ineffectiveness (see Diallo, 132 AD3d at 1011; see also CPL 440.30 [4] [b]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court