People v Marryshow (2025 NY Slip Op 01130)

People v Marryshow

2025 NY Slip Op 01130

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

113263
[*1]The People of the State of New York, Respondent,
v
Jahson Marryshow, Also Known as Jahson Solomon, Appellant.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Carolyn B. George, Albany, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Ceresia, J.
Appeal, by permission, from an order of the County Court of Ulster County (Bryan Rounds, J.), entered October 8, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of robbery in the first degree and arson in the third degree, without a hearing.
The facts of the criminal matter underlying this collateral proceeding were set forth in our decision on defendant's direct appeal (162 AD3d 1313 [3d Dept 2018]). Briefly, defendant was charged by indictment with grand larceny in the fourth degree, arson in the third degree and robbery in the first degree after he allegedly stole a vehicle, set fire to a barn and robbed a bank. Following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 15 years, to be followed by five years of postrelease supervision. Defendant appealed his conviction, and we affirmed (id.). Thereafter, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate that part of the judgment convicting him of arson in the third degree and robbery in the first degree, seeking a new trial on those charges due to purported ineffective assistance of counsel. County Court denied the motion without a hearing, and defendant, by permission, appeals.
A claim of ineffective assistance of counsel requires a showing "that counsel failed to provide meaningful representation and thus deprived defendant of a fair trial. . . . The defendant bears the burden of showing both that counsel's performance was constitutionally deficient, and the absence of strategic or other legitimate explanations for counsel's challenged actions" (People v Watkins, 42 NY3d 635, 639 [2024] [internal quotation marks, brackets and citations omitted], cert denied ___ US ___, 145 S Ct 459 [2024]; see People v Moore, 223 AD3d 1085, 1097 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]).
Defendant first alleges that trial counsel was ineffective for failing to call certain witnesses who could have placed in question his identity as the perpetrator of the crimes. In that regard, defendant points to a detective's affidavit that was disclosed by the People during discovery, wherein the detective outlined that members of the Ulster County Sheriff's Department had interviewed incarcerated individuals at the local jail, who, in turn, claimed that they had heard others speaking about plans to commit crimes similar to those with which defendant was charged. According to defendant, trial counsel should have called the detective and the incarcerated individuals as witnesses at trial. However, that testimony would have consisted of one or more layers of hearsay, for which defendant has identified no relevant exception. Thus, the testimony would have been inadmissible, such that the failure to call these witnesses does not form a basis for a finding of ineffectiveness (see People v Schrock, 99 AD3d 1196, 1197 [4th Dept 2012]; People v Geddes, 49 AD3d 1255, 1256 [4th Dept 2008], lv denied 10 NY3d [*2]863 [2008]).[FN1]
Defendant also makes reference to handwritten police notes indicating that a woman had told the police that she observed the robbery suspect fleeing the bank parking lot. Contained within those notes is a notation "w/m," leading defendant to posit that this woman would have testified that she saw a white male, whereas defendant is not a white male. To begin with, these notes are difficult to decipher on the whole, but even assuming that defendant is correct in his contention that "w/m" refers to a white male, defendant did not offer an affidavit from this woman, whose identity is known to him, to confirm that she would have testified in the manner in which he is surmising (see People v Carston, 163 AD3d 1166, 1168 [3d Dept 2018], lv denied 32 NY3d 1002 [2018]; compare People v Fox, 181 AD3d 1228, 1228 [4th Dept 2020]; People v Mosley, 56 AD3d 1140, 1140 [4th Dept 2008]). Defendant likewise did not offer an affidavit from trial counsel, nor any explanation as to why one was not provided. Such an affidavit could have shed light on whether counsel did, in fact, consider this woman as a possible trial witness, and what, if any, strategic reasons existed for declining to call her (see People v Mansfield, 223 AD3d 1111, 1118 [3d Dept 2024], lv denied 42 NY3d 928 [2024]; People v Johnson, 221 AD3d 1172, 1176 [3d Dept 2023], lv denied 41 NY3d 965 [2024]; People v Hinds, 217 AD3d 1138, 1142 [3d Dept 2023], lv denied 40 NY3d 951 [2023]). Accordingly, this portion of defendant's ineffective assistance claim was properly denied without a hearing (see People v Wright, 27 NY3d 516, 522 [2016]; People v Glanda, 18 AD3d 956, 961 [3d Dept 2005], lv denied 6 NY3d 754 [2005]).
Finally, defendant argues that trial counsel should have drawn the jury's attention to the fact that particular items of physical evidence resembling those used during the arson and robbery — namely, orange gloves, a ski mask and a gas tank, which were seized from his residence by the police — were not found to contain his DNA or fingerprints. We are unpersuaded. The record does not reveal that any orange gloves were seized. As for the ski mask and gas tank, these were never introduced into evidence, nor did any prosecution witness testify that they were seized from defendant's residence. Thus, it would have been a reasonable trial tactic not to identify to the jury that these items had been located at defendant's home. Consequently, defendant has failed to demonstrate the lack of a strategic explanation for counsel's conduct (see People v Moore, 223 AD3d 1085, 1098 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]). Defendant's remaining arguments concerning counsel's supposed ineffectiveness have been considered and are deemed to be without merit.
Aarons, J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: Defendant asserts — for the first time in his reply brief — that trial counsel's ineffectiveness was grounded not merely in the failure to call these witnesses at trial but also in a failure to investigate by virtue of not contacting and attempting to interview them. This claim is not properly before us, as defendant's sole argument in the motion below was that these individuals should have been called to testify during the trial (see People v Kimball, 213 AD3d 1028, 1030-1031 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).