OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 After careful review of the record before us, we conclude that appellant has not established that he was denied his right to effective assistance of counsel. Only recently, this court has noted that defense "[cjounsel may be reasonably expected to call upon witnesses to testify on behalf of a defendant only when such witnesses exist.”
 
 (People v Aiken,
 
 45 NY2d 394, 400.) Appellant has failed to demonstrate that the alleged alibi witnesses would testify at trial that appellant was not in the vicinity of the robbery during its commission, or that defense counsel’s decision not to bring forth these witnesses was clearly prejudicial to appellant and not the result of well-advised defense strategy.
 

 Nor was appellant entitled to a hearing on his motion to vacate the judgment of conviction. Appellant’s papers in support of such motion fail to include affidavits of his potential alibi witnesses revelatory of their testimony which would have been given at trial. Appellant merely submitted unverified letters and records, together with conclusory, handwritten notes of an investigator who had contacted these witnesses prior to trial. To conclude that these witnesses could have established appellant’s alibi defense at trial, we would, by necessity, be indulging in pure speculation. Hence, in the absence of evidentiary facts reflecting the existence of an issue, a hearing was not required.
 
 (People v Session,
 
 34 NY2d 254.)
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed in a memorandum.