■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. BULINSKI, Appellant. — Order unanimously affirmed. Memorandum: Defendant pleaded guilty to robbery, second degree, in full satisfaction of a six-count indictment returned in Onondaga County. It was agreed that he would be sentenced, as a predicate felon, to a term of imprisonment of 5 to 10 years, the term to be concurrent with sentences imposed on separate and unrelated pending robbery charges in Oneida and Montgomery Counties. Having made the bargain, he then pleaded guilty in Oneida and Montgomery Counties and was sentenced to 3½ to 7 year concurrent sentences on the charges pending there. On the day of sentencing by Onondaga County Court, he urged that the bargained 5- to 10-year sentence be reduced to 3½ to 7 years to conform to the Oneida and Montgomery County sentences. The court declined to do so and the Onondaga County judgment was subsequently affirmed on appeal. Defendant then instituted this posttrial proceeding pursuant to CPL 440.10 (subd 1, par [h]) contending that his Onondaga County plea was induced by his mistaken understanding that he was subject to a persistent felony offender sentence there and that the Onondaga Trial Judge was disposed to harsh treatment of

persistent felons. It is clear from the record of the trial proceedings that nothing done by the court or District Attorney could have created that belief. Defendant's allegations that his misunderstanding arose because of the erroneous private advice given by his trial attorney are not supported in his moving papers by competent evidence and County Court properly dismissed the petition without a hearing (see *People v Ford,* 46 NY2d 1021; *People v Session,* 34 NY2d 254). (Appeal from order of Onondaga County Court, Gale, J. — CPL art 440.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.