■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE MCKENZIE, Appellant. [602 NYS2d 17] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered November 8, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4 to 12 years, and the orders of the same court and Justice, entered January 29, 1991 and June 28, 1991, which denied defendant's CPL article 440 motions to vacate the judgment, unanimously affirmed.

Defendant was not deprived of effective assistance of counsel. Foregoing a weak alibi defense is not error *(People v Ford,* 46 NY2d 1021), and defendant's presentation of sworn affidavits in support of his mistaken identification claim does not support the after-the-fact charge that counsel did not prepare for trial. Trial counsel in fact raised a mistaken identification claim on behalf of defendant. He argued that the supervising sergeant and the backup team were so fearsome that defendant did what any reasonable person would have done upon the armed rush into the store: he fled. Plainly, if defendant told trial counsel that he was in the store, defendant's attempt to secure a new trial is based on perjured affidavits. Of course, counsel could have developed his trial theory without consulting defendant, but defendant's failure to advance that claim in his own affidavit affords a compelling basis to conclude that counsel was not ineffective. Accordingly, the affidavits that defendant did present and the lengthy list of alleged, but inconsequential trial errors he now presents do not establish that counsel's efforts were constitutionally inadequate *(see, People v Rivera,* 71 NY2d 705, 708).

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.