■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INGRESS TAYLOR, Appellant. [634 NYS2d 474] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered October 20, 1994, convicting him, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 2 to 6 years and $1^1/_2$ to $4^1/_2$ years, respectively, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Upon an independent review of the record, we conclude that the jury accorded appropriate weight to the credible evidence and the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490; *Matter of William J.*, 203 AD2d 144, 145).

Having neither requested an alibi charge, nor raised any objection that no such charge was given, defendant has failed to preserve this issue for appellate review (CPL 470.05 [2]; *People v Howell*, 174 AD2d 356, *lv denied* 78 NY2d 1012), and we decline to review it in the interest of justice. Were we to review it, we would find that the defendant's sister's testimony that defendant was home on the evening prior to the robbery, and that their mother, who did not testify, would have known if he left the apartment, had insufficient nexus to defendant's whereabouts at the time and place of the robbery to warrant an alibi charge (*cf., People v Holt*, 67 NY2d 819).

Insofar as the trial record permits us to review defendant's claim that he was denied the effective assistance of counsel, we find it to be without merit. Trial counsel's decision not to pursue a weak alibi defense was reasonable (*see, People v McKenzie*, 196 AD2d 763, *lv denied* 82 NY2d 927). Absent a basis to conclude that material alibi witnesses were available at the time of trial, defendant's claim of ineffective assistance of counsel in this regard is without factual support (*People v Ford*, 46 NY2d 1021; *People v Aiken*, 45 NY2d 394). Concur—Murphy, P. J., Kupferman, Asch, Nardelli and Tom, JJ.