[861 NE2d 90, 828 NYS2d 275]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEATO OZUNA, Appellant.

Argued November 16, 2006; decided December 19, 2006

## APPEARANCES OF COUNSEL

*Center for Appellate Litigation,* New York City (*Barbara Zolot, Robert S. Dean* and *Lisa Lewis* of counsel), for appellant.

*Robert T. Johnson, District Attorney,* Bronx (*T. Charles Won, Joseph N. Ferdenzi* and *Rafael Curbelo* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Beato Ozuna was convicted of first-degree criminal contempt, but acquitted of first-degree rape. The complainant, his former girlfriend, testified that while defendant was in jail following his arrest for rape, he had telephoned her repeatedly despite an order of protection forbidding contact. Defendant testified on his own behalf. He disputed the rape, and claimed that he had telephoned complainant only because she had appealed to his father to ask him to do so. According to defendant, each time he telephoned complainant, she would cry and ask him to call her again. Telecommunications records confirmed that defendant made 12 calls to complainant over the course of three days, which she reported to the prosecutor. On direct examination, complainant testified that she had not asked any member of defendant's family to prompt him to call her; she acknowledged having talked to defendant's father on the telephone shortly after defendant's arrest.

In his pro se CPL 440.10 motion, defendant raised two grounds. First, he objected that the trial court did not allow complainant to answer a question seeking to elicit what defendant's father had said to her during their telephone conversation after defendant's arrest. Second, defendant claimed that although he had informed counsel that his father would back up his story that complainant asked him to telephone her, counsel failed to investigate or to call his father as a witness at trial. The motion court denied the motion in a handwritten denial, which stated that "[m]ovant's argument fails to establish a thresh[ ]old issue of ineffective assistance. Ther[e] is no reasonable probability verdict would have been different, given the evidence here." The Appellate Division affirmed, with two Justices dissenting. A Justice of the Appellate Division granted defendant permission to appeal.

Defendant has withdrawn his first ground of appeal because the unanswered question was asked by the prosecutor on redirect examination, not by defense counsel on cross-examination. Thus, the trial court's ruling did not arguably limit the defense in the way the parties and courts mistakenly thought below. As for the second ground, we note that "[o]ur ineffective assistance cases have departed from the second ('but for') prong of" *Strickland v Washington* (466 US 668 [1984]) and have, instead, "adopt[ed] a rule somewhat more favorable to defendants" (*People v Turner*, 5 NY3d 476, 480 [2005]) because its "prejudice component focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Caban*, 5 NY3d 143, 156 [2005] [quotation marks and citation omitted]). Thus, the motion court misstated our ineffective assistance standard. The motion court did not abuse its discretion when it concluded, however, that defendant "fail[ed] to establish a thresh[ ]old issue of ineffective assistance" and denied his motion without a hearing. Defendant's motion papers did not contain "sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]). He neither submitted an affidavit from his father to show that he would have corroborated his son's testimony, nor explained his failure to do so (*see People v Ford*, 46 NY2d 1021 [1979]).

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed in a memorandum.