■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN D. MAJOR, Appellant. [876 NYS2d 822]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered August 20, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts), robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of robbery in the first degree (§ 160.15 [2]). Contrary to the contention of defendant, Supreme Court properly refused to sever count seven of the indictment, charging defendant with criminal solicitation in the second degree (Penal Law § 100.10). That count was properly joined pursuant to CPL 200.20 (2) (b) because evidence that defendant sought assistance in finding and killing the murder victim, who was a witness to the other offenses charged, was material and admissible as evidence-in-chief in establishing defendant's consciousness of guilt with respect to those other offenses (*see People v Bongarzone,* 69 NY2d 892, 895 [1987]). "[O]nce the offenses were properly joined, the court lacked the statutory authority to sever" (*People v Cornell,* 17 AD3d 1010, 1011 [2005], *lv denied* 5 NY3d 805 [2005]; *see People v Lee,* 56 AD3d 1192, 1193 [2008], *lv denied* 11 NY3d 926 [2009]). Defendant failed to preserve for our review his contention that the court erred in its instruction to the jury after dismissing count seven of the indictment (*see* CPL 470.05 [2]). In addition, he failed to object to the court's *Sandoval* ruling on the grounds now raised on appeal and thus failed to preserve his contention with respect to the court's *Sandoval* ruling for our review (*see id.*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see*

*People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.