# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1068**
**KA 09-01028**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

STEFFEN A. JONES, DEFENDANT-APPELLANT.

---

BRUCE R. BRYAN, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 25, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and conspiracy in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (1) (b)]) and conspiracy in the second degree (§ 105.15). We reject defendant's contention that County Court erred in refusing to sever the counts of the indictment relating to the murder of one victim from the counts relating to the murder of the second victim and from those related to the attempted murder of the third victim. The counts related to the murders were properly joined inasmuch as both murders were allegedly perpetrated as the result of a dispute between one group of men that included defendant and another group that included the victims, and proof of the offenses related to one murder was material and admissible as evidence-in-chief upon a trial of the offenses related to the other murder (*see* CPL 200.20 [2] [b]; *People v Major*, 61 AD3d 1417, *lv denied* 12 NY3d 927). Further, proof of the offenses related to both murders was material and admissible as evidence-in-chief upon a trial of the offenses relating to the attempted murder of the third victim, who gave a statement to the police implicating defendant in both murders (*see People v Kelley*, 46 AD3d 1329, 1331-1332, *lv denied* 10 NY3d 813). "[O]nce the offenses were properly joined, the court lacked the statutory authority to sever" (*People v Cornell*, 17 AD3d 1010, 1011, *lv denied* 5 NY3d 805).

Defendant contends that the evidence is legally insufficient to

support the conviction because the principal witnesses against him lacked credibility.  We reject that contention (*see generally People v Smith*, 272 AD2d 713, 715-716, *lv denied* 95 NY2d 871).  Defendant failed to preserve for our review his further challenges to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19; *People v Cole*, 35 AD3d 911, 912, *lv denied* 8 NY3d 944).  In addition, we reject defendant's contention that he was deprived of a fair trial based upon misconduct by the prosecutor during his opening statement. Defendant preserved that contention for our review with respect to only one alleged instance of prosecutorial misconduct and, in any event, we conclude that each instance of the prosecutor's alleged misconduct during his opening statement identified by defendant was not so egregious or improper as to deny defendant a fair trial (*see generally People v Walker*, 50 AD3d 1452, 1453, *lv denied* 11 NY3d 795, 931).

The sentence is not unduly harsh or severe.  We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to an indeterminate term of incarceration of 12 to 25 years for the conviction of conspiracy in the second degree, and it must therefore be amended to reflect that he was sentenced to an indeterminate term of incarceration of 12½ to 25 years for that conviction (*see generally People v Barnes*, 56 AD3d 1171).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court