# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**946**

**KA 11-02059**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEMETRIUS COOPERWOOD, DEFENDANT-APPELLANT.

---

WILLIAM H. GARDNER, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Sheila A. DiTullio, J.), dated September 6, 2011. The order denied the CPL 440.10 motion of defendant.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Erie County Court for a hearing on the motion in accordance with the following Memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him, upon his plea of guilty, of two counts of robbery in the first degree (Penal Law § 160.15 [4]). According to defendant, defense counsel failed to advise him of the need for corroboration of a codefendant's testimony or a potentially viable affirmative defense related to the operability of the firearms used in the robberies (*see generally* CPL 60.22; Penal Law § 160.15 [4]). Defendant contended that he would not have pleaded guilty had he known of those legal issues (*see People v Liggins*, 56 AD3d 1265, 1265-1266). Here, as in *Liggins*, "[d]efendant further contended in support of his motion that the goal of defense counsel from the outset of the prosecution was to dispose of the charges by way of a plea of guilty, and that defense counsel consequently failed to pursue . . . viable [legal] challenge[s]" to the evidence against defendant (*id.* at 1266). We thus conclude that defendant raised issues of fact in support of his motion and that County Court erred in denying his motion without conducting a hearing. We therefore reverse the order and remit the matter to County Court for a hearing on defendant's motion consistent with our decision.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court