[9 NYS3d 758]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL TANNEY, Appellant.

Supreme Court, Appellate Term, First Department, March 16, 2015

---

**APPEARANCES OF COUNSEL**

*Bachner & Associates, P.C.*, New York City (Scott J. Splitt-gerber of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Judgment of conviction, rendered October 2, 2013, and order, dated March 28, 2014, affirmed.

Evidence at trial showed that defendant, while shopping in a Century 21 department store, placed two unpurchased shirts into a shopping bag with merchandise that he had paid for and tried to exit the store while the unpurchased shirts were still in the bag. Such evidence, viewed most favorably to the People, established the defendant's guilt of the underlying attempted theft-related offenses (*see People v Olivo*, 52 NY2d 309 [1981]). Moreover, upon our independent review of the facts, we are satisfied that the verdict was not against the weight of the evidence.

The court properly denied, without a hearing, defendant's CPL 440.10 motion alleging ineffective assistance of counsel. Defendant's claims, inter alia, that trial counsel made material misstatements as to the collateral consequences of the plea offer that defendant rejected, was unsupported by competent evidence (*see People v Ozuna*, 7 NY3d 913 [2006]). In this regard, defendant's submission below comprised only the affirmation of appellate counsel, who had no personal knowledge of the facts, and defendant's own terse "affirmation" alleging that he read counsel's affirmation and believed "[t]he information contained therein [to be] true to the best of [his] knowledge." Such elliptical allegations were hardly sufficient to substantiate the essential facts of defendant's claim (*see* CPL 440.30 [4] [d]; *People*

*v Pedraza*, 56 AD3d 390, 391 [2008], *lv denied* 12 NY3d 761 [2009]).

We have considered and rejected defendant's remaining arguments.

HUNTER, JR., J.P., and SHULMAN, J., concur.