■ The People of the State of New York, Respondent, v Bangaly Chelley, Also Known as Denis Chelley, Appellant. [28 NYS3d 215]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (M. William Boller, A.J.), entered December 3, 2013. The order summarily denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 to vacate the judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), contending that he was entitled to a hearing on his claim that he was deprived of effective as-

sistance of counsel at trial. In denying the motion, Supreme Court properly concluded that most of defendant's challenges to his attorney's performance are based on matters in the record that were, or could have been, raised on defendant's direct appeal. Defendant was therefore not entitled to a hearing on those allegations of ineffective assistance of counsel (*see* CPL 440.10 [2] [a], [c]; *People v Vigliotti*, 24 AD3d 1216, 1216-1217 [2005]).

With respect to the alleged instance of ineffective assistance of counsel based on matters outside the record, defendant contends that his attorney was ineffective because he failed to call one of the witnesses listed on defendant's alibi notice. In support of his motion, however, defendant "neither submitted an affidavit from [the witness] to show that [s]he would have corroborated [defendant's alibi], nor explained his failure to do so" (*People v Ozuna*, 7 NY3d 913, 915 [2006]; *see generally People v Ford*, 46 NY2d 1021, 1023 [1979]). In addition, the record establishes that defense counsel called the other two witnesses listed on the alibi notice, and there is no indication that the testimony of the uncalled witness would have been anything but cumulative (*see People v Fax*, 232 AD2d 734, 736 [1996], *lv denied* 89 NY2d 942 [1997]). Under the circumstances, defendant failed to demonstrate " 'the absence of strategic or other legitimate explanations' " for defense counsel's failure to call the witness (*People v Benevento*, 91 NY2d 708, 712 [1998]). In sum, "[c]onsidering all of the circumstances, including that defendant's motion was decided by a [justice] who, having presided over defendant's trial, was familiar with the facts . . . , we cannot conclude that [Supreme] Court abused its discretion in denying the motion without a hearing" (*People v Hoffler*, 74 AD3d 1632, 1635 [2010], *lv denied* 17 NY3d 859 [2011]). Present—Peradotto, J.P., Lindley, DeJoseph, Curran and Scudder, JJ.