People v Corby (2019 NY Slip Op 09089)





People v Corby


2019 NY Slip Op 09089


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, González, JJ.


10599 9256/98

[*1] The People of the State of New York, Respondent,
v
Norcott Corby, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Alan S. Axelrod of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about April 28, 2015, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered April 20, 2000, unanimously affirmed.
The court properly exercised its discretion in denying defendant's motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Defendant has not established that the allegedly exculpatory information that he claims should have been disclosed under Brady v Maryland (373 US 83 [1963]) ever existed, nor has he provided a sufficient evidentiary basis to warrant a hearing into whether or not it existed (see People v Ozuna, 7 NY3d 913, 915 [2006]; People v Ford, 46 NY2d 1021 [1979]).
Defendant claims that the main witness at his 2000 murder trial had told the police in 1982 that defendant had committed an unrelated murder, and that this evinced a long term bias against him. However, in defendant's moving papers, the claimed existence of the witness's purported statement was predicated on a conversation defendant allegedly had with a fellow inmate in 2006 or 2007 (long before the 440 motion). Defendant has never indicated how this inmate came to know about an interview with a witness that supposedly occurred in a police station in 1982. Furthermore, the language of the Police Department's standard form response to defendant's FOIL request for the alleged statement does not support an inference that such a statement exists, particularly since the People represented, in their response to the 440 motion, that their own investigation revealed no such statement.
In any event, defendant's Brady claim fails for two other reasons. The alleged statement that defendant contends that the People withheld from him was unrelated to this case, and thus the People could not have been found to have been in constructive possession of any information the police may have had regarding the witness's statement (see People v Garrett, 23 NY3d 878, 888 [2014]). The alleged statement would only have served as cumulative impeachment evidence tending to show that the witness had a bias against defendant, a matter that was [*2]extensively explored at defendant's trial, as discussed in prior appeals in this case (15 AD3d 14, 19-23 [1st Dept 2004], affd 6 NY3d 231, 235-236 [2005]; see also Corby v Artus, 699 F3d 159, 167 [2d Cir 2012], cert denied 568 US 1180 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK