People v Dogan (2020 NY Slip Op 02021)





People v Dogan


2020 NY Slip Op 02021


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1241 KA 17-00414

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN DOGAN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael F. Pietruszka, J.), dated December 16, 2016. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of assault in the first degree and robbery in the first degree (three counts). 
It is hereby ORDERED that the order so appealed from is affirmed.
Memorandum: Defendant appeals from an order summarily denying his CPL 440.10 motion seeking to vacate a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), and three counts of robbery in the first degree (§ 160.15 [4]). We affirm.
Initially, we reject defendant's contention that we should grant the motion and vacate the judgment of conviction on the ground that he received ineffective assistance of counsel during the suppression hearing. At that proceeding, defense counsel made the appropriate motions, engaged in effective cross-examination of the People's witnesses, and presented an argument in favor of suppression based on what he perceived to be the strategically strongest arguments. Viewing the evidence, law, and circumstances of the case in totality as of the time of the representation, we conclude that defendant received meaningful representation with respect thereto (see generally People v Turner, 5 NY3d 476, 480 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, we also conclude that County Court did not err in denying the CPL 440.10 motion without a hearing. Defendant contends that defense counsel was ineffective because he failed to advise defendant, prior to the guilty plea, of a potentially viable affirmative defense concerning the operability of the firearm used in the robberies (see generally Penal Law § 160.15 [4]). Defendant did not submit, however, the statutorily-required "sworn allegations" of "the existence or occurrence of facts" in support of his motion to warrant such a hearing (CPL 440.30 [1] [a]; see CPL 440.30 [4] [b]; [5]). The rule that a CPL 440.10 motion must be predicated on sworn allegations is a fundamental statutory requirement that a defendant must satisfy to be entitled to a hearing (see generally People v Ozuna, 7 NY3d 913, 915 [2006]; People v Ford, 46 NY2d 1021, 1023 [1979]). Absent sworn allegations substantiating defendant's contentions, the court did not abuse its discretion in summarily denying the motion (see Ozuna, 7 NY3d at 915; People v Chelley, 137 AD3d 1720, 1721 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]; see generally People v Friedgood, 58 NY2d 467, 470 [1983]).
Specifically, defendant did not aver in his initial motion papers that he would have rejected the favorable plea deal and insisted on proceeding to trial had he been made aware of the [*2]potentially viable affirmative defense. Inasmuch as defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014] [internal quotation marks omitted]; see People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]; People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]), his failure to swear that he would have done so is fatal to his motion, and thus the court did not err in denying it without a hearing (see generally CPL 440.30 [1] [a]; Ozuna, 7 NY3d at 915; Ford, 46 NY2d at 1023; Chelley, 137 AD3d at 1721).
We have considered defendant's remaining contentions and conclude that they do not warrant modification or reversal of the order.
All concur except Whalen, P.J., and Bannister, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. Although the sworn allegations in defendant's pro se CPL 440.10 motion did not include the particular litany noted by the majority, defendant did aver that he did not knowingly enter his guilty plea. He further averred that defense counsel failed to advise him regarding the affirmative defense, that his knowledge of this affirmative defense was essential to a knowing guilty plea, and that he "entered the guilty plea based on" counsel's errors. In our view, those allegations are sufficient to "show that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial" (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014] [internal quotation marks omitted]), and it would defeat the purpose of the statute to insist that a pro se defendant use certain magic words when his intention is clear from the totality of the motion.
Inasmuch as defendant raised issues of fact in support of his motion with respect to whether his guilty plea was not knowing, voluntary and intelligent on the ground that defense counsel was ineffective for failing to advise him prior to the plea regarding a potentially viable affirmative defense, we conclude that County Court erred in denying his motion without conducting a hearing (see People v Cooperwood, 98 AD3d 1278, 1278-1279 [4th Dept 2012]; People v Liggins, 56 AD3d 1265, 1265-1266 [4th Dept 2008]). We would therefore reverse the order and remit the matter to County Court for a hearing on defendant's motion.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court