People v Streeter (2021 NY Slip Op 02926)





People v Streeter


2021 NY Slip Op 02926


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


410 KA 18-01079

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PARISH M. STREETER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Niagara County Court (Matthew J. Murphy, III, J.), dated March 23, 2018. The order denied defendant's motion pursuant to CPL 440.10 to vacate a judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, by permission of this Court, from an order denying his motion pursuant to CPL 440.10 to vacate the judgment convicting him after a jury trial of, inter alia, two counts of predatory sexual assault against a child (Penal Law § 130.96). Defendant contends that County Court erred in denying the motion without a hearing. We affirm.
Where, as here, "an ineffective assistance of counsel claim involves . . . 'mixed claims' relating to both record-based and nonrecord-based issues . . . [, such] claim may be brought in a collateral proceeding, whether or not the [defendant] could have raised the claim on direct appeal" (People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US 912 [2011]). In such cases, "each alleged shortcoming or failure by defense counsel should not be viewed as a separate ground or issue raised upon the motion," but rather the claim of ineffective assistance of counsel "constitutes a single, unified claim that must be assessed in totality" (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018] [internal quotation marks omitted]). In order to establish that he or she is entitled to a hearing on a motion pursuant to CPL article 440, a defendant "must show that the nonrecord facts sought to be established are material and would entitle him [or her] to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]).
Here, defendant's claims that defense counsel was ineffective for failing to call various witnesses on his behalf are not supported by sworn allegations of fact (see People v Ozuna, 7 NY3d 913, 915 [2006]). Although defendant presented a notarized but unsworn statement from one witness, "there is no indication that the testimony of the uncalled witness would have been anything but cumulative" (People v Chelley, 137 AD3d 1720, 1721 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]). Defendant's remaining allegations of shortcomings or failures by counsel do not rise to the level of ineffective assistance of counsel. Thus, assessed in totality, defendant's claim of ineffective assistance of counsel "is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]), and denial of the motion without a hearing on that issue was not an abuse of discretion (see People v Jones, 24 NY3d 623, 630 [2014]; People v Lostumbo, 175 AD3d 844, 846 [4th Dept 2019], lv denied 34 NY3d 1017 [2019]).
We further reject defendant's contention that the court erred in denying without a hearing his motion with respect to his contention that he was denied due process by the prosecutor's [*2]remarks in summation inasmuch as that issue involves matters of record that could have been raised on direct appeal (see CPL 440.10 [2] [c]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court