People v Dogan (2021 NY Slip Op 04956)

People v Dogan

2021 NY Slip Op 04956 [37 NY3d 1007]

September 14, 2021

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 20, 2021

[*1]

The People of the State of New York, Respondent,
v
Kevin Dogan, Appellant.

Decided September 14, 2021

People v Dogan, 181 AD3d 1343, affirmed.

APPEARANCES OF COUNSEL

David C. Schopp, Legal Aid Bureau of Buffalo, Inc., Buffalo (Alan Williams of counsel), for appellant.
John J. Flynn, District Attorney, Buffalo (David A. Heraty of counsel), for respondent.

{**37 NY3d at 1007} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed.
We review the summary denial of a CPL article 440 motion under an abuse of discretion standard (see People v Wright, 27 NY3d 516, 520 [2016]). It is well settled that a court may deny a CPL 440.10 motion without conducting a hearing if "[t]he motion is based upon the existence or occurrence of facts and{**37 NY3d at 1008} the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]). Here, County Court did not abuse its discretion in denying defendant's CPL 440.10 motion without a hearing because, under the circumstances presented, defendant failed to sufficiently allege " 'a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial' " (People v Hernandez, 22 NY3d 972, 975 [2013], quoting Hill v Lockhart, 474 US 52, 59 [1985]). Moreover, defendant failed to otherwise "show that the nonrecord facts sought to be established . . . would entitle him to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]). Accordingly, County Court did not abuse its discretion in determining that defendant was not entitled to a hearing.
[*2]
Chief Judge DiFiore and Judges Rivera, Fahey, Garcia, Wilson, Singas and Cannataro concur.
On review of submissions pursuant to Rules of the Court of Appeals (22 NYCRR) § 500.11, order affirmed, in a memorandum.