People v Davilla (2022 NY Slip Op 00768)





People v Davilla


2022 NY Slip Op 00768


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.


111 KA 19-00544

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT A. ADORNO DAVILLA, ALSO KNOWN AS ROBERT ADORNO, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered February 20, 2019. The judgment convicted defendant upon his plea of guilty of assault in the second degree, resisting arrest, obstructing governmental administration in the second degree and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, assault in the second degree (Penal Law § 120.05 [3]). Defendant contends that his plea was "improperly" entered because he provided only "yes" and "no" responses to questions asked of him during the plea colloquy. Defendant failed to preserve for our review that challenge to the factual sufficiency of the plea allocution because he did not move to withdraw his guilty plea or vacate the judgment of conviction (see People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; People v Bennett, 165 AD3d 1624, 1625 [4th Dept 2018]). This case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, we conclude that defendant's "monosyllabic responses to [Supreme Court's] questions did not render the plea invalid" (People v Loper, 118 AD3d 1394, 1395 [4th Dept 2014], lv denied 25 NY3d 1204 [2015] [internal quotation marks omitted]; see Bennett, 165 AD3d at 1625; People v Barrett, 153 AD3d 1600, 1600 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]).
Contrary to defendant's further contention, the sentence is not
unduly harsh or severe.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court