People v Keitt (2022 NY Slip Op 05282)

People v Keitt

2022 NY Slip Op 05282

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Ind. No. 2923/05 Appeal No. 16289 Case No. 2019-1999 

[*1]The People of the State of New York, Respondent,
v
Devin Keitt, Defendant-Appellant.

Patrick Michael Megaro, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about January 19, 2019, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered April 4, 2006, unanimously affirmed.
After an evidentiary hearing, the court properly denied defendant's motion, in which he claimed that his trial attorney rendered ineffective assistance by failing to investigate and secure the testimony of a possible alternative perpetrator. While serving a sentence for murder years after defendant's trial (and after the statute of limitations on the instant robbery had expired), this person "confessed" that it was he, not defendant, who committed the robbery with the codefendant. The hearing court fully credited the testimony of defendant's trial counsel that defendant never informed him about this person, and the court declined to credit the testimony of either this person or defendant, based on their demeanor and the fact that their accounts were contradicted by the testimony of other witnesses and the extensive trial evidence. There is no basis for disturbing the court's credibility determinations and detailed findings of fact (see People v Mebuin, 181 AD3d 469 [1st Dept 2020], lv denied 35 NY3d 1047 [2020]). To the extent that defendant now contends that trial counsel was obligated to investigate an alternative suspect known only by a nickname that was not used by the purported perpetrator who testified at the hearing, defendant did not provide any evidence that counsel could have discovered this other person and asserted a third-party culpability defense (see People v Graham, 201 AD3d 143, 150-151 [1st Dept 2021], lv denied 38 NY3d 950 [2022]).
Defendant also was not deprived of effective assistance by counsel's decision not to pursue defendant's asserted alibi (see e.g. People v Ford, 46 NY2d 1021 [1979]; People v Taylor, 222 AD2d 204 [1st Dept 1995]). Defendant's initial account — that he was at his codefendant's apartment during the robbery of a gas station— was contradicted by a witness, and the alternative scenario defendant proffered at the hearing — that he was alone in a park — was not supported by any other evidence.
The record otherwise shows that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022