People v Hobes (2025 NY Slip Op 07149)

People v Hobes

2025 NY Slip Op 07149

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

846 KA 20-00054

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA HOBES, DEFENDANT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 4, 2019. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (four counts) and attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of four counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of attempted burglary in the second degree (§§ 110.00, 140.25 [2]). We affirm.
Defendant contends that he was arrested without probable cause and thus that County Court should have granted that part of his motion seeking suppression of any statements he made to the police following his arrest. "A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (People v Fernandez, 67 NY2d 686, 688 [1986]). Although "CPL 710.70 (2) carves out a limited exception providing that an order finally denying a motion to suppress evidence may be reviewed on appeal from a final judgment of conviction, even one entered upon a guilty plea," that exception does not apply where a defendant pleads guilty "before obtaining such an order" (id.; see People v Powless, 66 AD3d 1353, 1353 [4th Dept 2009], lv denied 14 NY3d 843 [2010]). We thus conclude that defendant forfeited the right to appellate review of the suppression issue by pleading guilty before the court issued an order finally denying that part of defendant's motion seeking to suppress evidence (see Fernandez, 67 NY2d at 688; People v Kates, 162 AD3d 1627, 1628 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019], cert denied — US &mdash, 141 S Ct 117 [2020]; Powless, 66 AD3d at 1353).
Defendant's further contention that he was denied effective assistance of counsel survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney[s'] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Seymore, 188 AD3d 1767, 1769 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). To the extent that defendant contends that he was denied effective assistance of counsel on the grounds that defense counsel failed to investigate and that his former attorney failed to effectuate defendant's intent to testify before the grand jury, that contention largely concerns matters outside the record. Thus, it is not reviewable on direct appeal and must be raised in a motion pursuant to CPL article 440 (see People v Castro, 207 AD3d 1027, 1028 [4th Dept 2022], lv denied 39 NY3d 985 [2022]; People v Irvine, 197 AD3d 988, 991 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]). To the extent that defendant's contention survives his plea and is reviewable on direct appeal, we conclude that it lacks merit inasmuch as defendant "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [*2][2016], quoting People v Ford, 86 NY2d 397, 404 [1995]; see Seymore, 188 AD3d at 1769). "[A] '[d]efense counsel's failure to timely facilitate [a] defendant's intention to testify before the [g]rand [j]ury does not, per se, amount to a denial of effective assistance of counsel' " (People v Hogan, 26 NY3d 779, 787 [2016]). On this record, defendant has not demonstrated the absence of strategic or other legitimate explanations for his former attorney's alleged failure and has not established—as required to succeed on that particular ineffective assistance of counsel claim—that he was prejudiced by that purported failure or that the outcome would have been different if he had testified (see People v Williams, 235 AD3d 1245, 1246 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]; People v Hernandez, 192 AD3d 1528, 1529-1530 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see generally Hogan, 26 NY3d at 785-787). Moreover, to the extent that defendant contends otherwise, we conclude that the record establishes that defense counsel engaged in effective cross-examination of the People's witnesses at the suppression hearing by raising the potential inconsistency between the description of the suspect's race in the initial reports to the police and defendant's race (see People v Dogan, 181 AD3d 1343, 1344 [4th Dept 2020], affd 37 NY3d 1007 [2021]; People v Parson, 27 NY3d 1107, 1108 [2016]).
Defendant also contends that the plea allocution was factually insufficient because he gave only monosyllabic responses to the court's questions. As defendant correctly concedes, he failed to preserve that contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Davilla, 202 AD3d 1452, 1453 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]). Contrary to defendant's assertion, this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666-667 [1988]; Davilla, 202 AD3d at 1453; Pryce, 148 AD3d at 1626). In any event, we conclude that defendant's contention lacks merit inasmuch as his monosyllabic responses to the court's questions did not render the plea invalid (see Davilla, 202 AD3d at 1453; Pryce, 148 AD3d at 1626). "[T]here is no requirement that a defendant personally recite the facts underlying [the] crime[s] during the plea colloquy," and the record here establishes that defendant "confirmed the accuracy of [the court's] recitation of the facts underlying the crime[s]" (Pryce, 148 AD3d at 1626 [internal quotation marks omitted]; see People v Coston, 208 AD3d 1601, 1602 [4th Dept 2022], lv denied 39 NY3d 1071 [2023]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court