People v Canuti (2026 NY Slip Op 01679)

People v Canuti

2026 NY Slip Op 01679

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

204 KA 25-00209

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vRYAN C. CANUTI, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ASHLEY J. WILLIAMS, DISTRICT ATTORNEY, GENESEO (GLENN GREEN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered October 24, 2024. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]). We affirm.
Defendant contends that County Court abused its discretion in its Sandoval ruling. Defendant failed to preserve his contention for our review (see People v Major, 61 AD3d 1417, 1417 [4th Dept 2009], lv denied 12 NY3d 927 [2009]) and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's further contention that he was denied effective assistance of counsel "is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a 'mixed claim of ineffective assistance' " (People v Johnson, 195 AD3d 1420, 1421 [4th Dept 2021], lv denied 37 NY3d 1146 [2021]; see People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US 912 [2011]; People v Streeter, 194 AD3d 1407, 1408 [4th Dept 2021], lv denied 37 NY3d 974 [2021], reconsideration denied 37 NY3d 1029 [2021]). Because defendant's "claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety" (People v Franklin, 206 AD3d 1610, 1611-1612 [4th Dept 2022], lv denied 38 NY3d 1150 [2022] [internal quotation marks and emphasis omitted]; see People v Wilson, 162 AD3d 1591, 1592 [4th Dept 2018]).
We reject defendant's contention that the verdict is against the weight of the evidence. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor' " (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court